THE MILLS COUNTY NAT. BANK v. PERRY ET AL.

1. **Mortgage**: FORECLOSURE: CONTEMPORANEOUS ORAL AGREEMENTS: CONSIDERATION. In an action by plaintiff to foreclose a mortgage made to it by defendants, allegations in the answer to the effect that plaintiff's cashier stated, when the mortgage was executed, that he only wanted it to show to the bank examiner; that the principal defendant might renew the note from time to time; and that plaintiff would not foreclose the mortgage, *held* properly stricken out, because they were only oral agreements which could not be proved to vary or contradict the terms of the note and mortgage, and because, further, they were without consideration, and could not be enforced.

2. **National Banks**: LOAN IN EXCESS OF STATUTE: COLLECTION. The fact that a loan made by a national bank is in excess of the limit allowed by law, cannot be used to defeat the collection of the loan by the bank.

3. **Practice**: EQUITY: TRIAL UPON DEPOSITIONS: DISCRETION OF COURT. Where an order had been made at defendants' request for the trial of a cause on depositions, but no depositions were taken, and a like order was refused, when made by defendants at a subsequent term, *held* that the request was properly refused, and that, at all events, the granting of the order rested in the sound discretion of the court, under § 2742 of the Code, which is not mandatory.

4. **Pleading**: WHEN REPLY NOT NECESSARY. No reply is necessary to put in issue allegations in an answer which do not set up a counter-claim, nor plead matter to be avoided by new matter to be stated in the reply. (Code, § 2665.)

5. **Practice on Appeal**: ERROR MUST AFFIRMATIVELY APPEAR. Where the abstract fails to show that the affidavit required by law for the allowance of attorney's fees provided for in the note and mortgage sued on was not filed, this court must presume, in support of the order of the trial court allowing the fees, that it was filed.

*Appeal from Mills Circuit Court.*

WEDNESDAY, JUNE 15.

ACTION in chancery to foreclose a mortgage. There was a decree for plaintiff. Defendants appeal.

*A. L. Young* and *L. T. Genung,* for appellants.

*E. B. Woodruff,* for appellee.

BECK, J.—I. The questions arising in the case, with the

facts involved therein, will be considered in the order of their presentation by defendants' counsel.

The court sustained a motion to strike part of defendants' answers. This ruling is first complained of by counsel. The parts of the answers stricken contain allegations to the following effect: (1) The cashier of plaintiff represented to defendants, when the mortgage was executed, that he only wanted it to show to the bank examiner, and for no other purpose. (2) At the same time the cashier agreed that the principal defendant "might renew the note from time to time, until he could make the money out of his stock then on his farm." (3) He also agreed that plaintiff would not foreclose the mortgage. (4) The notes and mortgage were given for a loan of $10,000, which exceeded the restriction of the statute of the United States upon the amount of loans which may be made by national banks.

The first, second and third defenses above stated involve matters contradictory of the contracts and terms of the notes and mortgage, and are based upon oral agreements, which are not admissible to contradict or vary the written contract as expressed in the notes and mortgage. Besides this, these agreements were not based upon a consideration, and, if in writing, could not for that reason be enforced.

II.   The fourth defense stated above cannot be urged to defeat securities given for a loan made by a national bank. *Gold Min. Co. v. National Bank*, 96 U. S., 640.

III.   An order was entered at the request of defendants that the case be tried upon depositions. At a subsequent term, after an amended answer had been filed, no depositions having been taken, defendants asked for another order to the same effect, which was refused. Of this ruling defendants now complain. The ground of the court's refusal is not shown. The granting of the order rested in the exercise of the sound discretion of the court, as the section of the Code (section 2742) under which a case may be ordered for trial upon depositions, is not mandatory. It will be presumed

that the court below rightly exercised its discretion. Indeed, we think the record shows a sufficient ground for the refusal of the order in the fact that the defendants refused to avail themselves of the opportunity to take depositions given them by the order at a former term. They could not, by repeating their request, delay the disposition of the cause.

IV. The defendants insist that, as certain matters alleged in an amendment to their answer were not denied in the reply, they were thereby admitted, and the defense pleaded should have been sustained. But the amendments do not set up a counter-claim, nor plead any matter of defense which could only be avoided by new matter to be stated in the reply. The allegations were therefore considered as denied without a reply, which was not necessary. (Code, § 2665.)

V. It is lastly insisted that the court erroneously allowed attorney's fees provided for by the notes and mortgage, for the reason that no affidavits were filed as required by section 3, chapter 185, Acts Eighteenth General Assembly, (Miller's Code, 906.) But the abstract before us fails to show affirmatively that such an affidavit was not filed. We will presume, in support of the judgment, that it was filed.

The foregoing discussion disposes of all questions argued by counsel. The judgment of the circuit court is

AFFIRMED.