WILLIAM TATE, Appellee, v. H. M. CONGAR, Appellant.

Judgment: COLLECTION: TITLE TO PROCEEDS: EVIDENCE. The defendant, as guarantor of certain bonds, with interest coupons attached, having prosecuted an action thereon to judgment in the name of the plaintiff herein, and collected the same, claimed that three of said coupons were never assigned to the plaintiff, and that so much of said judgment as represented the amount of such coupons belonged to him. *Held*, that the defendant's claim was not an attack upon the judgment, which could only be made in a direct proceeding in the same tribunal where the judgment was rendered, and that in an action to recover the amount of such coupons the defendant was entitled to show that he was the owner thereof.

*Appeal from Delaware District Court.*—HON. JOHN J. NEY, Judge.

THURSDAY, OCTOBER 12, 1893.

THE plaintiff sold to the defendant certain real estate in Iowa, and received in payment two Nebraska district school bonds of five hundred dollars each, to

each of which was .attached five interest coupons at twenty-five dollars each, numbered from five to ten. The defendant, in writing, guaranteed the payment of the bonds. The bonds were afterwards intrusted to the defendant, who caused suit to be brought thereon in the Nebraska courts in the name of the plaintiff, and in due time judgment was obtained thereon, and by the aid of auxiliary proceedings the judgment was enforced, and the defendant received the sum of two thousand, seven hundred and twenty-one dollars and sixty-three cents, of which amount he paid to or for the plaintiff one thousand, nine hundred and fifty-three dollars and twenty-three cents, and this action is to recover the balance so received by the defendant, viz: seven hundred and sixty-eight dollars and fifty cents. The defendant states in his answer that of the coupons attached to the bonds, six, three to each, belonged to him, and were never assigned to the plaintiff, and the amounts thereof were included in the judgment, and that the remainder of the amount sued for consists of expenses and fees paid by him in the collection of the bonds, and for which, by express agreement, when he received the bonds for collection, he was to be reimbursed. There was a jury trial, resulting in a verdict for the plaintiff, from which the defendant appeals.— *Reversed.*

*Yoran & Arnold,* for appellant.

*Bronson & Carr* and *Blair, Dunham & Norris,* for appellee.

GRANGER, J.—The ground of the plaintiff's right of recovery is, briefly stated, that he was the owner of the Nebraska judgment; that the plaintiff had collected the same, and neglected or refused to account for a part of it. Upon the face of the judgment it was the plaintiff's property, and, *prima facie,* he was entitled to

all of it.   The burden of showing that the defendant could retain any part was upon him, and this he attempted to do by averments in his answer, that he owned a part of the indebtedness on which the judgment was based, and that by contract with the plaintiff or his agent he was authorized to retain a part as fees and expenses paid to obtain the judgment; and to the answer is attached the receipt for the bonds, signed by the defendant, stipulating the terms upon which the defendant was to advance attorney's fees and court costs.   The plaintiff, in a reply, denies that he made or authorized the making of such a contract, and avers that the bonds were taken by the defendant for collection on an oral agreement to collect the same without expense to the plaintiff on the defendant's contract of guaranty.   The reply contains no denial of the averments of ownership by the defendant of a part of the coupons attached to the bonds, nor was it necessary. The law makes such a denial.   Code, section 2665; *Bank v. Perry*, 72 Iowa, 15.   The pleadings, then, presented the issues, *first*, whether or not the defendant owned any part of the indebtedness that entered into the judgment, so that, when collected, he would own a part of the proceeds of the judgment; and, *second*, whether the expenses and fees paid by the defendant were paid under the written contract set out by the defendant, or under the oral contract alleged by the plaintiff.

The court refused to permit the defendant to prove that he was the owner of coupons six, seven and eight, being the ones alleged to be his, and instructed the jury that "the defendant Congar, having acted in behalf of the plaintiff in employing counsel, and in assisting in obtaining judgment in favor of the plaintiff on the bonds in Nebraska, is bound by that judgment, and in accounting for any money received by him on the judgment   *   *   *   can not plead or prove that

all of the judgment did not belong to the plaintiff. The records of judicial tribunals are solemn proceedings that bind every one, and can not be gainsaid, except by a direct proceeding in the same tribunal to correct errors that may be contained therein."

The learned judge who presided at the trial evidently misapprehended the issues and facts to which he applied the rule announced. Neither the solemnity nor the integrity of the Nebraska judgment was involved. That judgment had been fully satisfied, and the question in this case is, who is entitled to the proceeds after payment? In that situation we do not see why parties having an interest in the proceeds of the judgment may not as properly assert it, as if the bonds, after being delivered to the defendant for collection, had been paid before judgment. We can see nothing in the nature or solemnity of the judgment that should deny to these parties their respective rights as they might be found to be under the issues presented. This is not a proceeding between the parties to the judgment, nor is it a proceeding in any way attacking or seeking a modification of the judgment so as to invoke the rule stated as to the particular form for such a purpose. Let us suppose that, instead of prosecuting the suit in Nebraska in the name of the plaintiff, the defendant had taken the judgment with himself as plaintiff, and collected the same. Would it be said, in a suit in this state by the plaintiff to recover the proceeds to which he was entitled, that he must go to the Nebraska court for a correction of the judgment there, before he could obtain his rights? As much so, we think, as would the defendant in this case be required to do so in order to obtain any part of the proceeds of the judgment to which he is entitled. The rights of the parties to the money now in the hands of the defendant depends, not on the integrity of the Nebraska judgment, but upon the contracts of the parties by

which the bonds were transferred and afterwards collected. The parties, by their pleadings, presented these pleadings without any objections to their sufficiency, and their rights should be determined thereby. The effect of the instruction was to strike from the trial an issue of fact upon which the defendant was entitled to a verdict, and consequently it was erroneous. These considerations dispose of the rulings on the evidence wherein the court was evidently guided by the same views as to the law.

The appellee has made a careful computation as to the amount due him on the bonds at the date of the judgment entry, without the coupons claimed by the appellant, and urges that it is apparent therefrom that the Nebraska judgment did not include such coupons, and hence that the error was without prejudice. Conceding that the computation shows that the judgment is for only about the sum that would have been due on the bonds with the two coupons that, without dispute, belonged to the appellee, and still, under the issues of this case, we can not say that the disputed coupons were not included. If they were, the defendant is entitled to their proceeds if he owned them. The deficiency may be from some other cause. It is to be kept in mind that this is not a suit on the guaranty, so that the defendant's liability is fixed thereby, but it is upon his contract to collect for the plaintiff; and under the averments of the petition he is liable for what he has collected for him, less a deduction, if any, because of the terms on which the collection was made.

There are some minor questions where errors are claimed, but they are so related to the points considered that further notice of them is unnecessary in view of a new trial, except, perhaps, that we should say, as to a controversy in argument about an estoppel being in the case, that we think the issues present no such question.

For the error suggested the judgment is REVERSED.