## F. I. MOFFET v. HORACE MOFFET, Appellant.

**Admission in Answer: Burden of Proof.** In conversion, where the taking is admitted and the defense is payment to an agent, defendant must prove the agency, and a charge that plaintiff can not recover without proving all the material allegations of the petition, is erroneous. (1)

**AGENCY: PROOF OF.** Agency to sell property is not made out by showing permission by an employer to a hired man and relative to buy goods. and have them charged. (2)

**SAME.** On the issue of agency, conduct of the alleged principal tending to prove it is admissible, though not known to one who deals with the alleged agent, but on the issue of holding one out as an agent by the conduct of the principal, it must appear, that those who dealt. with the agent knew of and relied upon such conduct. (3)

*Appeal from Cedar District Court.*—HON. JAMES D. GIFFEN, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

AN ACTION to recover the value of five hundred and twenty-three bushels of corn, taken by the defendant from plaintiff's farm in Cedar county. From a judgment below for the plaintiff, the defendant appealed.—*Reversed.*

*Wolf & Hanley* and *R. G. Cousins* for appellant.

*Wheeler & Moffit* for appellee.

GRANGER, C. J.—I. The issues should be definitely understood, in order to properly consider the legal import of an instruction given by the court as to

the burden of proof, of which complaint is made. In
the petition, after stating that plaintiff owned the land
where the corn was, it is stated "that defendant took
from said cribs five hundred and twenty-three bushels
of corn, the property of plaintiff, and of the reasona-
ble market value of one hundred and twenty dollars
and twenty-nine cents, and converted said corn to
his own use, and refuses to pay plaintiff for the same;
that there is now due plaintiff by defendant for said
corn one hundred and twenty dollars and twenty-nine
cents, no part of which has been paid, and interest
thereon at six per cent;" then a prayer for judgment.
The answer denies each and every allegation of plain-
tiff's petition, but admits that he purchased from one
Ferguson, who had charge of the farm and property
of this plaintiff, and was the authorized and acting
agent of the plaintiff, five hundred bushels of corn at
twenty-one cents per bushel; alleges the fact to be that
he paid plaintiff's agent in full for all corn purchased;
denies that he is indebted to plaintiff in any sum what-
ever. The answer admits receiving five hundred bush-
els of plaintiff's corn, and by way of affirmative
defense it states that the corn was purchased of plain-
tiff's authorized agent, and payment was made to him
therefor. These averments are considered as contro-
verted without a reply. Code, section 2712; *Bank v.
Perry*, 72 Iowa, 15, 33 N. W. Rep. 341. Upon a propo-
sition for judgment upon the pleadings, without evi-
dence, the plaintiff would have been entitled to the
value of the five hundred bushels of corn at twenty-one
cents per bushel, for defendant admits receiving that
much of plaintiff's corn of that value. To avoid this,
he must show—what he averred—that Ferguson was
an authorized agent for that purpose, and that pay-
ment was made to him. The only instruction by the
court on the burden of proof is as follows: "(4) The
plaintiff has the burden of proof, and it devolves on

him to satisfy you of the truth of the material allegations of his petition by a fair preponderance of evidence; and if he has not done so you would find for defendant." It will be seen that the instruction deprives plaintiff entirely of the benefit of the admission in the answer; and required him to make proofs of the material allegations of his petition, or permit a verdict for defendant, when, without any proof, he was entitled to judgment. Nothing in the submission of the cause seems to render this error without prejudice. It is true that on the trial the testimony was mainly directed to the fact of the agency of Ferguson, and the jury was directed to find whether or not he was such agent, or was by the plaintiff held out as such in a manner to render the plaintiff liable for his acts; but the instructions nowhere place the burden of showing such fact on the defendant. We might say that he should not now complain, because he did not ask an instruction, but for the error in the instruction given, which operated to deny the plaintiff a right to which he was entitled under the admitted facts.

II. A few suggestions as to the evidence may be important in case of another trial of this cause. The plaintiff gave direct evidence to the effect that his corn was taken without his consent; that defendant told him he had got five hundred and twenty-three bushels of it; that he still owed him for it, and gave the market value. On cross-examination, after stating that Ferguson was his nephew, and had been living with him some weeks before he left the farm; that he did chores like a hired man, and, if a sack of flour was needed, he was sent for it, he was asked: "Did James go to town, and buy things, and have them charged to you, while he lived with you?" The question was held to be proper cross-examination, and material. We think it is neither. A proper answer to the question could have no bearing whatever on the testimony given

on the direct examination; nor would it tend to show the fact of agency, if such an inquiry would, at that stage of the trial, be proper. Permission to a son, a hired man, or one living with another, to get things at a store, and have them charged, is in no sense authorrity, nor does it tend to show authority, to sell his. property.

III. It appears from the record that the fact of agency is sougnt to be shown in two ways: *First.* An actual authority to Ferguson to sell the corn; and, *second*, that he was so held out to the public as to authorize the understanding that he was such agent. There was evidence admitted of facts and declarations. not within the knowledge of defendant, when he bought the corn, and appellant urges that, because of such want of knowledge, they were immaterial, and could not have been relied upon in making the purchase. If the testimony established the fact of the agency, it was. proper, whether known or not, for the actual agency would protect the defendant, regardless of any knowledge he had on the subject. If, however, the transaction is to be justified, not by the fact of agency, but because of the conduct of the plaintiff in holding Ferguson out as such, the defendant must have purchased relying on such conduct, and previous knowledge would have been requisite. As the fact of agency was involved in the trial, the testimony was not improper, because of the reasons suggested. These suggestions will indicate our view as to an instruction presenting a similar question. We may further say that we think there is no testimony to authorize the giving of the seventh instruction. The judgment is. REVERSED.