ALICE L. YOUNG, Appellant, v. INMAN & NELSON, Appellees.

**Principal and agent:** CONTRACTS BY AGENT: PROOF OF AGENCY. While
1 an agent having authority to make a contract on behalf of his principal may make the same in his own name, without disclosing the name of the principal, and if in fact made for the benefit of the principal he may, by taking advantage thereof, be bound thereby; still, where the contract is made by an agent in his own name and apparently upon his own responsibility, an actual agency must be shown to exist before his alleged principal can be held liable.

**Same:** INSTRUCTION: EVIDENCE. In this action for trespass to plain-
2 tiff's land by the construction of an open ditch through the same, to which defendants pleaded a contract with the husband of the plaintiff for its construction, there was no showing that defendants in making the contract were dealing with anyone but the husband, or that the contract was made for the benefit of plaintiff, or that defendants knew that plaintiff had any interest in the land or in the contract; hence a submission of the question of the husband's apparent authority to act for the wife, was erroneous, not only because injecting an apparent authority of which there was no evidence, but also because introducing the questions of ratification and limitation of the husband's actual authority, which had no relevancy to the case.

**Same:** RATIFICATION. Ratification of an agent's acts must be with knowledge of the same: And an agent without authority can not ratify his own acts.

**Same.** A husband contracting with another in his own name is personally bound thereby, but his wife is not bound unless she authorized him to make the contract, or ratified the contract as made.

**Same.** An agent having authority may ratify the act of his principal, if within the scope of his authority, but the ratification to bind the principal must be made on behalf of the principal and not in the agent's own behalf.

*Appeal from Cerro Gordo District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, MARCH 15, 1910.

ACTION to recover damages for an alleged trespass by defendants upon plaintiff's land due to the construction of an open ditch through and over the same without authority from plaintiff. Defendants denied the trespass, and pleaded authority to construct the ditch from plaintiff's husband, who it is claimed was her agent with power to consent thereto and to contract therefor. They also pleaded a counterclaim for the construction of the ditch. On the issues joined, the case was tried to a jury, resulting in verdict and judgment for defendants on their counterclaim, and plaintiff appeals.—*Reversed.*

*Blythe, Markley, Rule & Smith,* for appellant.

*Senneff & Bliss* and *Ira Jones,* for appellees.

DEEMER, C. J.—Plaintiff is the owner of a tract of agricultural land in Cerro Gordo County and defendant is a copartnership engaged in the work of digging and constructing ditches. In the spring of the year 1908, they had contracts with owners of land in the vicinity of that

owned by plaintiff for the construction of an open ditch, and, while engaged in the work so contracted, it is claimed that they entered into a contract with R. S. Young, plaintiff's husband, to the effect that if defendant could induce one Johnson, whose land laid immediately north of that owned by plaintiff, to ditch, he, Young, or plaintiff, would run a ditch across plaintiff's land and pay defendant $2 per rod therefor. There was enough testimony to take the case to a jury upon the question of such a contract having been made with R. S. Young, either for himself or ostensibly on behalf of his wife. But it is strenuously contended by plaintiff that the contract was not by or for her or on her behalf, and that, if R. S. Young made any such contract for her, it was without authority. We may say here, although perhaps a little out of order, that defendants do not claim, nor could they, that the husband of plaintiff had any implied power to make contracts for and on behalf of his wife. From the relationship of husband and wife no implied agency arose under the circumstances shown which would justify the husband in making any such contract as defendants rely upon. It is argued, however, that there was sufficient testimony of actual authority to take the case to the jury.

Contention is made in argument that the testimony shows that R. S. Young as agent for his wife had charge of her lands, had looked after the leasing, the tiling and improvement thereof, and that he had authority either real or apparent to make the contract involved in this controversy. The jury evidently so thought. Plaintiff contends, however, that defendants dealt with R. S. Young alone; that the said Young contracted on his own behalf and not as agent for plaintiff; and that, if he did assume to act for her, he had no authority whatever to do so. Many errors are assigned, and to such as are deemed important and controlling we shall now give our attention.

I. Defendants' testimony shows that the contract, if

one was made, was entered into by R. S. Young personally, ostensibly on his own behalf; that he did not assume to be acting on behalf of his wife; that defendants did not know the land belonged to the wife, and did not understand they were making any contract with the wife. If the contract which was made is to bind the wife, it is because she was an undisclosed principal. Of course, if an agent has authority to make a contract for and on behalf of his principal, the mere fact that he makes it in his own name, and not for and on behalf of his principal, is not controlling. This is for the reason that an agent with unquestioned authority may still make contracts in his own name if they are not prejudicial or inimical to the rights of his principal, and, where a person makes a contract in his own name, it is presumed that he is acting for himself, and not for some undisclosed principal. If he has authority to enter into such a contract and the contract is really for his principal, such principal, although not named, may take advantage thereof or be held bound thereby. *Smith v. Stephenson,* 45 Iowa, 645; *Miller v. Hollingsworth,* 36 Iowa, 163; *Britt v. Gordon,* 132 Iowa, 434; *McLaren v. Hall,* 26 Iowa, 302; *Steele v. Potlhast,* 109 Iowa, 413; *Bentley v. Snyder,* 101 Iowa, 1; *Harrison v. Schoff,* 101 Iowa, 463; *Calnan Co. v. Brown,* 110 Iowa, 37. But where a contract is made with an agent in his own name and apparently upon his own responsibility, an actual agency must exist before his principal may be held liable. *Moffett v. Moffett,* 90 Iowa, 442; *Angle v. Railroad,* 9 Iowa, 487. In such cases it is not a question of the apparent authority of the agent, but of his real and actual powers in the premises; this because neither of the parties to the contract is acting upon the presumption that the other is acting for another than himself. Now there is no testimony in the record showing, or tending to show,

*Margin notes:*

1. PRINCIPAL AND AGENT: contracts by agent: proof of agency.

2. SAME: instruction: evidence.

that defendants were dealing with any one other than R. S. Young, or that the contract was made for or on behalf of any one else. The promises or agreements, if any, were by R. S. Young apparently for and on behalf of himself, and defendants did not even know that plaintiff had any interest whatever in the land or in the contract which they were making or undertaking to make with plaintiff's husband. Nevertheless the trial court gave the following instruction with reference to this matter:

(8) R. S. Young was the plaintiff's agent for some purposes concerning the farm in question. On the question of an agent's authority to act for his principal, the general rule is that the principal is bound if he has actually authorized the act, or if he has authorized those with whom the agent dealt in his behalf to believe as fair and reasonable men that the authority had actually been given. The ratification of the act has in general the same effect as a previous authority. The principal is bound not only by acts of his agent within the express limit of his instructions, but is also bound to the extent of the apparent authority conferred upon such agent. This rule is applicable even against private instructions limiting the agent's powers, where such limitations are not brought to the notice of the parties with whom the agent deals. In this case, if you believe from the evidence that plaintiff had permitted R. S. Young to act as her agent in respect to the farm in question, and that he had acted in farm matters for so long a time and in reference to so many different matters that the right to contract for making the ditch in question was within the apparent authority conferred by the plaintiff upon R. S. Young, and that the defendants, acting as fair and reasonable men, had reason to believe, and did believe, that R. S. Young was authorized by plaintiff to contract for her and in her behalf in the matter of ditching the farm, then you would have the right to find from the evidence that R. S. Young was authorized to contract with the defendants in reference to making and paying for the ditch in question, and to bind the plaintiff in such matters; otherwise plaintiff would not be bound by the acts or agreements of R. S. Young.

It is manifest that this instruction is erroneous for several reasons. First, because it introduces the element of apparent authority; next, because it proceeds upon the theory that there was evidence regarding the present or previous conduct of Young which led defendants to believe that he had authority from the plaintiff, his wife, to make a contract on her behalf when there was no such testimony; and, third, because it introduces the question of ratification by the plaintiff of her husband's contract, of which there was no testimony; again, it tells the jury that plaintiff could not limit the actual authority of her agent, although the party dealing with him did not understand he was dealing with an agent at all. That this was erroneous, see, in addition to cases already cited, *Jones v. Turck,* 33 Iowa, 246.

That ratification by a principal of an agent's acts must be with knowledge of the acts is fundamental law, and there is no testimony in the case of any ratification

3. SAME: ratification.  by plaintiff of her husband's contract. Indeed, the contrary plainly appears. Again an agent without authority can not ratify his own unauthorized acts. *Britt v. Gordon,* 132 Iowa, 434.

II. Instruction No. 4 asked by plaintiff should have been given. It reads as follows: "(4) If R. S. Young, plaintiff's husband, did enter into a contract or agree that

4. SAME.  he would ditch if Johnson would, and that he would pay $2 per rod for a ditch, he would be personally bound thereby, but his agreement would not bind the plaintiff unless she authorized him to contract for her or ratified the contract when made, and no evidence in this case shows there was any ratification by the plaintiff of any contract made." It was in accord with the facts, and should have been given.

III. The court gave the following instruction: "(9) If R. S. Young did not before the ditch in question was dug across the Young land contract for the same or request

defendants to dig it, but, if after it was completed, .he

**5. SAME.**

learned of it, and promised to measure it up and pay for it, such promise would be a ratification of the defendants' acts in digging the ditch, and plaintiff would be bound thereby the same as though there had been a contract or request beforehand, if R. S. Young had authority to contract for plaintiff in the matter; otherwise, plaintiff would not be bound. R. S. Young had authority to ratify such acts, and such acts only, as he had authority to perform in the first instance." It is true, of course, that an agent with actual authority may ratify an act done by another if within the scope of his authority; but the ratification must be for and on behalf of his principal, and not for himself. This distinction is not preserved in the instruction as it should have been. Ratification is the equivalent of prior contract, and, if R. S. Young did nothing more than attempt to ratify defendants' acts for and on behalf of himself and not as agent for his wife, the acts of ratification would not be binding upon the wife unless she gave him authority to do so. There is no testimony of that kind, and the instruction should not have been given in the form in which it was worded. This instruction is so bound up with instruction 8 which we have already noticed that no matter how constructed it was erroneous. It is doubtful if there was any testimony to justify such an instruction in any event. Instruction No. 3, asked by plaintiff, should also have been given. It was in accord with the rules of law already announced and need not be set out *in extenso.*

IV. Some errors were made by the trial court in rulings on the admission and rejection of testimony. For example, some impeaching evidence should have been allowed which was denied. Again, a witness was permitted to give the contents of a letter without sufficiently accounting for the original. Other errors will not likely

arise upon a retrial. But for those already pointed out the judgment must be, and it is, *reversed*.