R. G. SUTTON, Appellant, v. O. E. HORNER, Appellee.

PRINCIPAL AND AGENT: Undisclosed Principal—Liability—Burden of Proof. One may not be charged as the undisclosed principal in a written contract, unless on a very clear showing *by plaintiff* that an *actual* agency did exist between the apparent principal and the alleged undisclosed principal. Evidence held insufficient to satisfy the rule.

*Appeal from Jefferson District Court.*—C. W. VERMILION, Judge.

FRIDAY, SEPTEMBER 29, 1916.

ACTION at law to recover damages because of defendant's failure to perform a contract for the conveyance of land. Trial to a jury. When the evidence had been taken on part of plaintiff, the trial court, on motion, directed a verdict for the defendant. Plaintiff appeals. The essential facts are stated in the opinion.—*Affirmed.*

*O. M. Slaymaker* and *J. F. Ready,* for appellant.

*Leggett & McKemey* and *H. B. Stafford,* for appellee.

WEAVER, J.—On October 27, 1913, the plaintiff and one E. H. Allison entered into a written contract, by which the former undertook to sell and convey to the latter his equity in two certain farms in Iowa, and, in exchange or payment therefor, Allison agreed to convey to plaintiff 964 acres of land in the state of North Dakota. Deeds were to be executed and put in the hands of a named bank, to be delivered when titles were found to be satisfactory. This contract has never been carried out, and the evidence tends to show that Allison refused, or at least failed, to make or procure a conveyance of the Dakota land to plaintiff. This action was thereafter brought to recover damages from the defendant Horner, on the theory that, although Allison made the contract in his own name and as the ostensible owner of the Dakota land, he was in fact the undisclosed agent of the defendant, in whose behalf and on whose authority he acted. Thereafter, as plaintiff alleges, he discovered the secret or undisclosed agency of Allison, and elected to hold defendant responsible upon the contract.

PRINCIPAL AND AGENT: undisclosed principal: liability: burden of proof.

The principal ground upon which the motion to direct a verdict for defendant was based, and the one relied upon by the appellee in this court, was that the evidence was insufficient to show the alleged agency or the terms or scope thereof. We are of the opinion that the point was well-made, and the trial court did not err in sustaining it. As the written contract is, upon its face, between the plaintiff and Allison as principals, the burden is clearly upon plaintiff to establish the alleged fact that defendant, who is not mentioned in the writing, was in fact a principal therein. And, as held by this court in *Young v. Inman,* 146 Iowa 492, 495:

"Where a contract is made with an agent in his own name and apparently upon his own responsibility, an actual

agency must exist before his principal may be held liable. In such cases it is not a question of the apparent authority of the agent, but of his real and actual powers in the premises.''

It is shown in evidence by the plaintiff's own admissions that, at the time of making the contract, he knew that Allison owned a minor fractional interest in the land. This fact, known to him, afforded a reasonable explanation of Allison's activity in trying to sell or dispose of the land, and gave rise to no inference of an agency in him for his co-owner. It is not pretended that defendant ever told plaintiff that Allison was his agent or had authority to bind him in the transaction. Nor is there any testimony that Allison held himself out or claimed to be defendant's agent. It appears, inferentially at least, that Allison, whose contract was undoubtedly enforceable to the extent of his own interest in the land, refused, for some reason not shown to be chargeable to defendant, to proceed with the matter, although defendant tried to induce him to do so. It does not appear that defendant ever received any property or money or other profit or advantage under or pursuant to the contract. It may be that he would have been ready and willing to ratify a satisfactory sale or exchange negotiated by his co-owner, had such a deal been made; but such a situation does not imply an agency or authority in Allison to bind him by a written contract. It requires, and ought to require, a strong showing to court or jury to justify it in assessing damages against defendant in favor of plaintiff upon a contract between the latter and a third person, and this is especially true where the writing purports to bind no one but the parties thereto. In this respect, we think the plaintiff failed to make a case, and verdict against him was properly directed.

The judgment of the district court is—*Affirmed.*

Evans, C. J., Gaynor and Preston, J.J., concur.