G. W. STROHMEIER, Appellee, v. BELLE ANDERSON, Appellant.

**PRINCIPAL AND AGENT:** Undisclosed Principal—Husband and Wife. The agency of a party for an undisclosed principal may be established (1) by direct proof of its existence, (2) by admissions by the party sought to be held, (3) by acts of ratification by such party, and generally (4) by any facts and circumstances which satisfactorily establish the fact of such agency. So held where a wife was sought to be held as the undisclosed principal of her husband.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

APRIL 3, 1923.

ACTION to recover on account for labor and material furnished by the owner of a garage to the owner of an automobile. The cause was tried to the court without the intervention of the jury, and judgment rendered, as prayed. Defendant appeals.—*Affirmed.*

*Clark & Clark*, for appellant.

*R. L. McCord*, for appellee.

FAVILLE, J.—Appellee is engaged in the business of handling automobiles, automobile supplies, and accessories, and in the repairing of automobiles. Between the dates of May 16, 1919, and April 21, 1921, inclusive, he furnished certain supplies, accessories, and repairs, and performed certain labor upon a certain Overland automobile. All of said items were charged by appellee at said time to Charles Anderson, the husband of the appellant, with the belief on the part of the appellee that the said Charles Anderson was the owner of the said automobile. During all of said time, the car was registered in the name of the said Charles Anderson. It appears that appellee sent statements of said account to the said Charles Anderson, but failed to receive payment thereon. Subsequently, the said Charles

Anderson filed a petition in bankruptcy, and appellee filed said account with the referee in bankruptcy, as. a claim against the bankrupt estate. In said proceeding it was disclosed for the first time to the appellee that the said Charles Anderson was not the owner of the said automobile, but that the same belonged to the appellant, his wife; whereupon this action was commenced, to recover the amount of said account from the appellant.

I. It is urged that the court erred in admitting in evidence, over appellant's objection, the account slips and books of the appellee, showing the full account and the various items for which charges had been made in said account.

The evidence was clear and satisfactory that all of the items shown in the said account were furnished by the appellee. The account was legally established by sufficient evidence, and there was no error at this point.

II. Appellant's main contention is that, under the undisputed evidence, it appears that she was the owner of the car in question, and that she did not personally incur any of the indebtedness for which the appellee seeks recovery; and it is her contention that her husband was not authorized to act as her agent in said matter, and that she in no way became personally liable for the said account.

The record shows without dispute that. the appellant was the owner of the automobile in question. The record fails to show that the appellant personally directed the making of the repairs for which recovery is sought, or that she personally purchased the supplies embraced in the account.

It appears that the automobile was operated by both the appellant and her husband, and that the repairs and supplies were furnished at the instance of the husband. The appellant is liable, if at all, solely on the ground that she was an undisclosed principal, and that her husband was her agent in procuring the supplies and repairs for the automobile from the appellee. Whether or not the husband was the agent of the appellant, clothed with authority to procure the supplies and repairs to appellant's automobile, was a fact question. The finding of the trial court has the force and effect of the verdict of a jury, and cannot be disturbed by us if there is evidence in

the record supporting the conclusion of the court. That recovery may be had from an undisclosed principal for goods sold to an agent acting within the scope of his authority is well settled and established. *Steele Smith Groc. Co. v. Potthast,* 109 Iowa 413; *Young & Co. v. Hartford F. Ins. Co.,* 45 Iowa 377; *Harrison v. Schoff,* 101 Iowa 463; *Erickson v. Bell,* 53 Iowa 627; *Young v. Inman,* 146 Iowa 492.

Where, however, a contract is made with an agent in his own name, and apparently upon his own responsibility, before an undisclosed person can be held liable it must be established that an agency did, in fact, exist. *Moffet v. Moffet,* 90 Iowa 442; *Young v. Inman,* supra.

The question, therefore, becomes a question as to whether or not there is evidence that Charles Anderson was, in fact, the agent of an undisclosed principal—the appellant. Such agency may be established by direct proof of its existence, and also by admissions, and by ratification and approval of the acts of the agent with the knowledge of the principal, and by holding out, and by estoppel, and by proof of any facts and circumstances that satisfactorily establish the fact of the agency. In a case of this character, the agency of the husband to act for the wife cannot be inferred from the marital relation alone. Some previous appointment or general holding out as an agent, or subsequent adoption or ratification of his act, or some estoppel, is essential in order to hold the wife bound by the acts of the husband as her agent. *McLaren v. Hall,* 26 Iowa 297; *Miller v. Hollingsworth,* 33 Iowa 224; *Price & Hornby v. Seydel,* 46 Iowa 696.

The evidence shows that a considerable amount of appellee's bill is for repairs to the automobile in question following an accident in which the automobile was damaged. The evidence shows that the automobile was taken to appellee's place of business and there repaired; and that the appellant knew of the accident and that the car had been damaged and that the same had been repaired and put in running order. It appears also from the evidence that appellant at different times telephoned to appellee's place of business, to inquire if the repairs had been completed. The husband testified:

"When I say that my wife did not 'authorize' me, I mean

that she did not give me written instructions. * * * I suppose I had authority to make the arrangements relative to four new wheels and credit for the two old ones.''

The evidence also shows that at different times the appellant and her husband together brought the car to the appellee's place of business for repairs. Appellant testified that it was her intention to keep the car in reasonably good running order, and that she did so keep it; and it appears that the work of keeping it in such condition was performed by appellee.

The case is somewhat close on the fact question as to whether the agency of an undisclosed principal was established. It is not triable *de novo* here, and there is evidence in the record tending to establish the fact of the agency and authorization on the part of the principal to incur the indebtedness for which suit is brought.

The finding of the trial court upon this fact question, having support in the evidence, is conclusive upon us, and cannot be disturbed. We find no error committed warranting interference upon our part, and the judgment appealed from is, therefore,—*Affirmed*.

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.