CHAPMAN v. WILKINSON, Administrator.

New trial: DISCRETION OF COURT BELOW. The action of the District Court in determining a motion for a new trial, will not be interfered with unless there has been a manifest abuse of discretion or a violation of some rule of law; and where a new trial has been *granted*, an appellate court will require a stronger showing than where it has been refused by the court below.

*Appeal from Lucas District Court.*

SATURDAY, JULY 6.

SUIT in equity to foreclose a mortgage given by the decedent, J. P. Chapman, to the plaintiff. Defense, that decedent conveyed by deed absolute on its face, other lands to the plaintiff in security for the same debt, and that plaintiff had sold and conveyed such other lands and received therefor more than the mortgage debt, whereby it was satisfied. The cause was tried to the court and judgment rendered for the cancellation of the mortgage, and against plaintiff, for costs. The court thereafter, on motion of plaintiff, granted a new trial, and from this order defendant appeals.

*J. W. Wilkinson pro se.*

*Warren S. Dungan* for the appellee.

COLE, J.—The plaintiff resides in Ohio, and was not present at the trial. The application for a new trial is

NEW TRIAL: discretion of court below.

supported by the affidavit of the plaintiff's attorney, showing that the answer was filed only a few hours before the trial; that the defense was supported by only one witness, and the only witness in the cause, and who was intoxicated when he testified; and that he, the attorney, was taken by surprise by his testimony. This affidavit states that upon a new trial the plaintiff can prove by a witness, discovered since the trial, and of whom he knew nothing before, that plaintiff sent to decedent, which was received by him, a draft for about the amount of the mortgage at about its date, etc. The affidavit of this witness is filed, also. It is made quite apparent that the witness upon the first trial was intoxicated when he testified. Other facts of less impor-

tance are also shown.  This showing for a new trial is certainly such an one as that, if the District Court had refused it, we would not have interfered with its ruling. But there is necessarily so much of judicial discretion in determining such motions, as that an appellate court will not interfere unless there·has been a manifest abuse of such discretion or a violation of some rule of law. And where a new trial has been granted by the court below, and thereby an opportunity afforded for another full and fair trial upon the merits, an appellate court will require a stronger or clearer showing of abuse of judicial discretion or legal error, than when a new trial has been refused. *Ruble* v. *McDonald*, 7 Iowa, 90 ; *Finley* v. *David*, Id., 3 ; *Shepherd* v. *Brenton*, 15 Id., 84, and authorities cited.

There is no such abuse of judicial discretion or manifestation of legal error apparent in the record before us, as will justify us in disturbing the judgment of the District Court.

Affirmed.