## DARLING v. NOYES.

1. Principal and agent: FATHER AND CHILD. A contract made by an agent in his own name, which would, as between the agent and the party he contracted with, bind the agent personally, may, nevertheless, be enforced by the principal.

2. —— Under this rule a father may enforce a contract entered into between his minor son and the defendant.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, JULY 26.

ACTION to recover $251.25 for the work and labor of a boy and two teams on the Central Railroad of Iowa. The petition alleges that the contract was made by defendant with plaintiff. The answer sets up that defendant employed plaintiff's son by a contract with him to do the work, to whom he has made full payment. It is also alleged that plaintiff's son held himself out as an adult, and that defendant had good reason to believe, and did believe, him to be such. It is also pleaded that plaintiff acquiesced in the acts of his son, and is accordingly estopped thereby from setting up any claim against defendant. The cause was tried to a jury who returned a general verdict of $102.16 for plaintiff, and, also, a special verdict to the effect that the contract was made with the son; that defendant had good reason to believe the son capable of making the contract; that the son performed with teams 40¾ days' work, and that defendant has paid thereon $160.77. Judgment was rendered for the amount of the general verdict. Defendant appeals.

*Perry & Townsend* for the appellant.

*Yocum & Robb* for the appellee.

Jenkins v. The Chicago & N. W. R. R. Co.

Beck, J. — Defendant's counsel insist that the special findings are inconsistent with the general verdict, and do not sustain the allegations of the petition. These allegations are, that the contract was made by plaintiff with defendant. The special verdict is that the son made the contract. There is no conflict in this. The son as the agent of the father, it may be supposed, made the contract. Proof of such fact would sustain the allegations of the petition; and the special finding of the jury is not inconsistent with such an hypothesis. The other special findings in the same view accord with the general verdict, and demand no further notice. There is not the least difficulty in the case when it is remembered that a contract, by one as an agent, made in his own name, which would, as between the agent and the party he contracts with, bind the agent personally, may, nevertheless, be enforced by the principal against the party so contracting with the agent. The special finding of the jury does not negative the existence of a state of facts which, under this rule of the law, would support the general verdict. The amount of the judgment is not in conflict with the special findings.

Affirmed.