PICKERING v. KIRKPATRICK *et al.*

New trial: NEWLY DISCOVERED EVIDENCE. The action of the court below in granting a new trial, on the ground of surprise and newly discovered evidence, will not be disturbed unless the discretion confided to the court in such cases is clearly shown to have been abused.

*Appeal from Jefferson Circuit Court.*

THURSDAY, JULY 27.

ACTION for the recovery of $173.53, alleged balance due upon a promissory note. Defendants deny their liability upon the note, and claim, by way of cross-demand, the sum of $4,111.20, for wheat, rye and seeds shipped plaintiffs. The replication alleges payment for the articles set up in cross-demand, the alleged payment consisting in part in the payment of a draft drawn by defendants upon plaintiffs for $1,000. Trial by jury; verdict for defendants for $879.68. Motion for new trial upon the grounds of accident and surprise, and of newly discovered evidence sustained. Defendants appeal.

*D. P. Stubbs* for the appellants.

*Negus & Culbertson* for the appellees.

DAY, Ch. J. — The replication sets out the various items of payment of the charge, contained in the set-off. Among these is the payment of a draft of $1,000, on account of defendants. Upon the trial both defendants testified that they never received the $1,000 charged in plaintiffs' account. The defendants also introduced J. H. Whiting, cashier of the National State Bank of Mount

Pleasant, who testified that he had examined the books and could not find that defendants had drawn a draft on plaintiffs for $1,000.

In support of the motion for new trial the affidavit of W. B. Culbertson was filed, setting forth that after. the firm of Negus & Culbertson received the note, sued on, for collection, the note and account, containing the charge of $1,000, were shown to the defendants separately, and that each of the defendants admitted the entire correctness of the account, except that Kirkpatrick claimed they should be allowed $2.75 per bushel for one item of timothy seed, instead of $2.15. To the same effect is the affidavit of Charles Negus. There was also filed the afffdavit of A. H. Pickering, stating that on or about the time the note sued on was executed, a draft drawn by Kirkpatrick & Bradshaw, on A. H. Pickering, for $1,000, was presented to the firm of A. H. Pickering & Co., bearing an indorsement that said draft was paid by A. H. Pickering & Co. The affidavit of J. H. Whiting also was filed, stating that since the trial he had made further examination of the books of said bank, and found he was mistaken, as to the amount of money drawn by defendants on A. H. Pickering & Co., which was cashed by said bank. That, in addition to the amounts by him spoken of in his testimony, defendants drew another draft, for $1,000, which was cashed by said bank and indorsed to the Union National Bank of Chicago. Upon this showing the court did not err in granting a new trial. Both defendants having admitted, before trial, the correctness of the charge of $1,000, the plaintiffs were justified in going to trial, without preparing themselves to prove this item of account.

Besides, the affidavit of Whiting clearly shows that he was mistaken in the testimony given upon the trial. Certainly it was not an abuse of discretion to afford the plaintiffs relief from the effects of this mistake. The ability of plaintiffs to prove by the books of the bank that defend-

ants had drawn a draft of $1,000, on plaintiffs, was discovered, as appears, after the trial. Up to the time of the trial the plaintiffs were under no obligation to make use of diligence to discover this testimony, for until this time they believed the fact of the drawing of the draft to be admitted by defendants. The action of the district court in determining a motion for new trial will not be interfered with unless there has been a manifest abuse of discretion, or a violation of some rule of law; and when a new trial has been *granted*, an appellate court will require a stronger showing, than where it has been refused. *Chapman* v. *Wilkinson*, 22 Iowa, 541, and cases cited.

In our opinion not only did the court not abuse its discretion in *granting* a new trial, but it would have been error to have *refused* it.

Affirmed.