THE FIRST NAT'L BANK OF SHENANDOAH v. THE WABASH, ST. LOUIS & PACIFIC R'Y CO. ET AL.

1. **New Trial:** FACTS JUSTIFYING: DISCRETION OF COURT. The question of granting a new trial rests in the discretion of the trial court, which will not be interfered with unless abused; and in this case, where a sufficient showing was made that the prevailing party had introduced false testimony upon a material issue, which the defeated party could not then contradict, but could upon a new trial prove to be false, *held* that a new trial was properly granted.

*Appeal from Fremont District Court.*

WEDNESDAY, OCTOBER 17.

ACTION of replevin for certain grain. J. W. Allen & Co. intervened, claiming property in the grain under a purchase from the mortgagor executing the mortgage whereon the plaintiff bases his right to the grain. The railroad company disclaims any interest in the grain other than as a common carrier, the property having been delivered to it for transportation. The cause was tried to the court without a jury, and judgment rendered for plaintiff, which, upon motion of an intervenor, was set aside, and a new trial granted. From this order plaintiff appeals.

*Draper & Thornell* and *James McCabe*, for appellant.

No appearance for appellees.

BECK, J.—I. The motion for a new trial was based upon the ground, among others which were not sustained by the court and need not therefore be stated, that false testimony

was introduced by the plaintiff for the purpose of deceiving the court. The affidavits in support of the motion show surprise, and that, after its introduction, which was toward the close of the trial, the intervenors were unable to contradict the testimony, for the reason that their witnesses had left the court for their homes, which were at distant places.

The evidence complained of by intervenors, which they had no opportunity to contradict, was to the effect that the grain in question was subject to the mortgage, for the reason that the plaintiff had made advances to the mortgagor on the security of the mortgage, which covered after-acquired property. The witness making this statement was an officer of the plaintiff. The intervenors showed to the court by affidavits of the mortgagor that he would testify to the effect that the grain was not to be held subject to the mortgage, and the advances made the mortgagor were not upon the credit of the mortgage, but upon the credit of a bill of exchange. Upon this showing, the court granted the new trial.

II. We think the ruling of the court was correct; at least, there appears to have been no abuse of the court's discretion, in the absence of which the order for a new trial cannot be disturbed. The showing sufficiently establishes surprise, and a sufficient excuse for the absence of the witnesses by whom the intervenor proposed to establish facts contradictory of the plaintiff's evidence. These facts would tend to establish that the mortgage was not a lien upon the grain.

III. Plaintiff insists that the ground upon which the new trial was granted was not raised by the intervenor's motion. This ground is that plaintiff introduced false testimony, which surely was misconduct requiring a new trial. Code, § 2837. The affidavits filed by the intervenors upon the motion tend to support the ground of the motion.

IV. It is argued that, as the mortgage covers after-acquired property, it was a lien upon the grain. But the evidence, which the witnesses show they can introduce upon the new

trial, tends to establish that, under the agreement of the parties, the mortgage was not to cover the grain, and that plaintiff's advances were not upon the security of the mortgage, but upon a bill of exchange.

It is our opinion that there is no error in the ruling of the district court granting a new trial.

AFFIRMED.