### J. CLESLIE v. H. S. FRERICHS, Appellant.

**New Trial Sustained.** In an action on note alleged to have been
executed in Germany January 1, 1884, before defendant came to
America, defendant secured a verdict by the testimony of him-
self and wife that they were married in Iowa in 1883, thus making
it appear that he emigrated before the execution of the notes.
*Held,* that it was within the court's discretion to grant a new trial as
for misconduct of the prevailing party, under Code, section 2837,
where the record of the county in which defendants were married
and other testimony tend to show that their marriage took place
in October, 1884.

*Appeal from Lyon District Court.*—HON. SCOTT M.
LADD, Judge.

MONDAY, MAY 27, 1895.

Action on promissory notes and on account for
borrowed money. The answer is a general denial, and
a denial of the genuineness of the signatures to the
notes, and a plea of the statute of limitations. The
cause was tried to a jury that returned a verdict for the

defendant, and the court sustained a motion for a new trial.    The defendant appealed.—*Affirmed.*

*E. C. Roach* and *McMillan & Dunlap* for appellant.

*Parsons & Van Wagenen* for appellee.

Granger, J.—The only question before us is as to the sufficiency of the record to sustain the ruling of the district court in granting a new trial.    The grounds of the motion which was sustained are the misconduct of the prevailing party and newly-discovered evidence. The instruments in suit were executed in Germany, one of them being for three thousand marks, dated January 1, 1884.    The issues involved the identity of the defendant as the party who signed the instrument. The plaintiff is a resident of Germany, and has never been in this country.    His testimony is in the record, and he swears to having loaned defendant four hundred marks January 15, 1879, six hundred marks June 11, 1881, and three thousand marks January 1, 1884. These are the claims for which the action is brought. The testimony of the plaintiff shows the defendant to have been in Germany up to April 4, 1884.    The defendant was married after reaching Clayton county, in this state.    Both the defendant and his wife were witnesses on his behalf at the trial, and each swore that they were married in Clayton county, October 11, 1883.    This fact, if true, would conclusively show that defendant is not the man who signed the instruments. From the showing for a new trial it is made to appear that the marriage records of Clayton county show that these parties were married October 11, 1884, and the showing in other respects is very strong to that effect. If this be true, the defendant has secured a verdict by the introduction of false testimony.    Misconduct of the prevailing party is a statutory ground for a new trial.

See *First Nat. Bank v. W., St. L. & P. Ry. Co.*, 61 Iowa, 700, 17 N. W. Rep. 48, Code, section, 2837. It is not for us to pass upon the truth or falsity of the evidence on the trial or the showing for a new trial on the particular question, further than to say that it is such that the district court could, in its discretion, find that there was misconduct. In fact, we think, in view of the record, that the discretion was wisely exercised. It is true that the new testimony is largely cumulative, but that fact should not conclusively overcome the showing of misconduct.

There is a claim of a want of diligence to sooner discover the newly-discovered evidence. The case, in this respect, is somewhat peculiar. The plaintiff is in Germany. The answer does not disclose that the identity of defendant as the person claimed to have signed the instruments is questioned. If he is the maker of the instruments, he is a brother-in-law to the plaintiff, which he denies. Affidavits from Germany, in support of the motion for a new trial, in view of other evidence, make it appear that defendant was not in Iowa in 1883, but was in Germany, and was the maker of the notes. We think that we should not disturb the action of the court, and the order granting a new trial is *affirmed*.