L. S. TEMPLE, Appellant, v. GEORGE E. PENNELL.

Accounting: CONTRACT TO REDEEM FROM FORECLOSURE. In an action for an accounting based on an alleged contract with defendant to take a deed from plaintiff, redeem the property from foreclosure, sell the same and divide the profits, the evidence is considered and it is held that plaintiff failed to comply with her contract and could not recover.

When Agent Regarded as Principal. Where an agent makes a contract and deals wich property as his own he will be regarded as the principal.

*Appeal from Cass District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, MAY 6, 1904.

SUIT in equity for an accounting. The trial court dismissed plaintiff's petition and he appeals.—*Affirmed.*

*Follett & Curtis* for appellant.

*J. B. Rockafellow* for appellee.

PER CURIAM.—Plaintiff, in his petition, alleges that prior to July 29, 1895, one Mary Dickerson was the absolute and unqualified owner of block 13 in the city of Atlantic, Iowa; that the property was sold at foreclosure under a mortgage thereon on or about November 1, 1894; that during the year for redemption, and about July 25, 1895, she

through her agent, one E. J. Dickerson, entered into a con-
tract with defendant, whereby he (defendant) was to take a
deed for the property from Mary Dickerson and Henry I.,.
her husband, redeem the property from the foreclosure sale,
thereafter sell the same to the best advantage, and when the
entire block was sold defendant was to receive one-half the
net profits and Mary Dickerson the other half. He fur-
ther alleges that in August of the year 1895, Mary Dicker-
son and her husband made a deed for said block to defend-
ant pursuant to the aforesaid agreement; that defendant re-
ceived the said deed, made redemption as agreed, sold the
property to others, received the purchase price thereof, and
made a profit of $750; that plaintiff received an assignment
from Mary Dickerson of her rights under said contract, and
is entitled to her share of the profits, amounting to $375,
which defendant refuses to turn over; and he asked for an
accounting, and for a judgment for one-half of the profits
of the transaction. Defendant's answer was practically a
general denial, although he admits having had a certain cor-
respondence with one E. J. Dickerson, copies of his letters
being set forth in plaintiff's petition. The trial court dis-
missed the petition, and he appeals.

Certain facts are undisputed. These are that plaintiff
is the assignee of Mary Dickerson, and has just such rights
against the defendant as she would have had, and no more.
1. ACCOUNTING: It is also undisputed that Mary Dickerson did
contract to not own the whole of block 13; on the contrary,.
redeem from she owned but the north half thereof, while E.
foreclosure.
J. Dickerson owned the south half. The entire premises
were heavily incumbered. Mary Dickerson and her husband
did not make a deed for the block to the defendant. On the
contrary, the husband for some reason did not sign the deed.
E. J. Dickerson never made a deed for his interest in the
property. The defendant did not redeem the property from
the foreclosure sale. On the contrary, he purchased the
sheriff's certificate from the certificate holder, paying a small
bonus therefor, and afterwards obtained a sheriff's deed.

On November 22, 1895, he notified E. J. Dickerson that he could not use the deeds for the purpose of redemption; that he had obtained the sheriff's certificate, and that he had had to pay a bonus therefor. We have no doubt that defendant at one time agreed with E. J. Dickerson to take deeds to the property, to redeem the same from foreclosure sale, to sell the same after redemption to a good advantage, and, when sold, to divide the net profits equally. We are also of opinion that it was agreed between them that defendant should borrow the money with which to effectuate redemption, and that he was to pay one-half the net profits after paying all expenses, including interest on the money borrowed. But, to return to the conceded facts in the case, and to the issues made by the pleadings, it will be observed that Mary Dickerson did not own the entire block; that she never made a deed such as she agreed to furnish, her husband failing to join therein; that E. J. Dickerson never made a deed for the south half of the property; and that defendant did not redeem from the foreclosure sale. Indeed, he could not have redeemed the south half of the block, for he had no right thereto from E. J. Dickerson. To have redeemed the north half under the deed from Mary Dickerson, her husband not joining therein, would have been foolish; for he never could have conveyed good title under such a redemption. Manifestly, the proofs do not correspond with the allegations of the petition, and under strict rules of law plaintiff is not entitled to recover. Treating the case in the most favorable light for appellant, and looking to the substance rather than the form of the transaction, the most that can be made of it is that defendant agreed with E. J. Dickerson to make redemption of the premises, and to divide the net profits with him. True, defendant did not redeem, nor could he have done so, so far as the south half of the block is concerned; but, treating the purchase of the sheriff's certificate as in effect a redemption, we have this situation.

Defendant, under agreement with E. J. Dickerson, made an agreement to redeem, to sell the property after redemp-

tion, and to divide the net profits with E. J. Dickerson. While on the witness stand E. J. Dickerson said that nothing was said in his talk with defendant about what was to become of his (E. J.'s) interest; that what he was doing was for himself and Mary Dickerson; that he had agreed to protect Mary Dickerson's interest in the matter, and that his idea was to save her from loss in making this agreement; that he said nothing to defendant about Mary Dickerson, although he promised to get a deed from her. He further testified that defendant was to have a one half interest; that he was giving him that in order to protect the other half, which belonged to Mary. But he did not testify that defendant had any knowledge of that fact. Indeed, his evidence distinctly negatives that thought. He also testified that he was acting for Mary Dickerson, and as her agent at the time he made the contract; but he does not claim that defendant had any knowledge of that fact. After a careful reading of the entire evidence we are satisfied that E. J. Dickerson made this contract with the defendant personally, for the purpose, as he said, of protecting Mary Dickerson's interest in the property, and not on her behalf; that he was to get the deed from her, and that he intended to forego his personal interest in the property for her benefit; that he made the contract for himself, and undertook on his part to procure the deed from Mary, in order to carry out the agreement. Of course, an undisclosed principal may ordinarily take advantage of his agent's contracts; but, if the agent makes the contract to subserve some purpose of his own, and deals with the property as if he were the owner thereof, he will be so treated by the court. The entire conduct and correspondence of the parties clearly indicate that whatever advantage Mary Dickerson was to have from the contract was to be received from E. J. Dickerson, and not from the defendant. Mary Dickerson was not a witness for either party, and the only thing tending to show that the contract was made for her was the single statement from E. J. Dickerson that he was acting as

<div style="margin-left:2em">2. WHEN agent regarded as principal.</div>

her agent. As he (E. J.) also had an interest in the property, and as the evidence shows that he made the contract to protect Mary's interest therein because of some duty he felt he .was owing her, and was to personally obtain a deed therefor, we think that he alone was the only person who can rely upon it and enforce it. The question, after all, is one of intent. Had defendant sought to enforce the contract against Mary Dickerson under the facts disclosed by this record, we apprehend he would have had some difficulty in doing so. This being true, there is no reason why she or her assignee may enforce it against the defendant. What rights, if any, E. J. Dickerson may have against the defendant, we do not now determine. The case may be disposed of, however, on the theory that plaintiff's assignor did not comply with the terms of the contract made by her agent, did not furnish the deeds required to make redemption, and that defendant did not redeem under the contract. But we also find that, even had there been proper pleadings, the proofs in this case fail to show that E. J. Dickerson in fact made the contract in a representative capacity or as agent for an undisclosed principal.

  The decree is right, and it is AFFIRMED.