FLORENCE BENEFIEL, Appellant, v. HARVEY SEMPER, Appellee.

NEW TRIAL: Discretion of Court. An order for new trial on a ground clearly justified by the record is quite conclusive on the appellate court.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

FEBRUARY 17, 1919.

ACTION for damages for assault and battery. There was a verdict for the plaintiff for $200. On motion of the defendant, the trial court ordered a new trial. The plaintiff appeals.—*Affirmed*.

*C. R. Metcalfe,* for appellant.

*H. W. Walling* and *T. F. Griffin,* for appellee.

EVANS, J.—The plaintiff is a married woman. She and her husband were tenants at will, in possession of certain residence property owned by the defendant. The defendant went to the house for the purpose of serving upon his tenants a notice to quit. His attempted reading of the notice was interrupted by the plaintiff. Concerning this, she testified as follows:

"When Mr. Semper came to my house, he started to read the notice, and I told him he could not read any notice to me. I took the mop and swiped the notice off the table and out of the house,—he had laid the notice on the table,—and told him if he did not get out, I would scald him. I took some water,—it was not hot, had just been put on, partly warm,—and I threw it on him, and he finally left the house; and I stepped to the door and picked up the ball bat,—I never attempted to strike him,—I picked it up to get it out of the way   *   *   *."

There was, however, no lack of evidence on her part to the effect that the defendant struck her several times in the melee. The jury fixed her actual damages at $100, and allowed exemplary damages in the same amount. The record discloses that the trial court thought that the defendant had not had a fair trial, and that the verdict was the result of passion and prejudice. A new trial was, therefore, ordered. It is true that the trial court offered the plaintiff an opportunity to remit $75 of the verdict, and avoid a new trial. This condition offered by the court purported to deduct the $75 from the exemplary damages. Appellant's argument is addressed to the particular point that, if she was entitled to $100 actual damages, a like amount as exemplary damages was not excessive. There is merit in the argument, if it could be deemed decisive

of the case. Even if the trial judge gave a bad reason for his ruling, this will not necessarily result in a reversal of the ruling. The ruling itself must yet be considered on its merits under the record. If good reasons in support of the ruling are apparent in the record, this is sufficient to sustain it. The trial court has a large discretion in the matter of granting a new trial. It is seldom, indeed, that we interfere with an order granting a new trial. We think it was fairly within the discretion of the court, upon the record in this case, to grant a new trial on the ground that the verdict had been influenced by passion and prejudice. In so holding, we are not to be understood as intimating any opinion on our part as to the ultimate merits of the case. The order granting a new trial is, therefore.—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.