SHERIDAN BROTHERS, Appellants, v. H. R. DEALY, Appellee.

**NEW TRIAL:** Grounds—Perjury by Prevailing Party.   A new trial
1  may be granted on a showing that, subsequent to the trial, the pre-
vailing party admitted that his testimony and the testimony of
others of his witnesses were materially and knowingly false.

**NEW TRIAL:** Grounds—Presumption from Sustaining Numerous-
2  Pointed Motion.   On appeal from an order sustaining generally a
numerous-pointed motion for a new trial, appellant must demon-
strate that all the grounds are untenable.

*Appeal from Cherokee District Court.*—C. C. BRADLEY, Judge.

OCTOBER 24, 1924.

PLAINTIFFS secured a verdict in the court below, which, on
motion of the defendant, was set aside because of misconduct
on the part of the prevailing party.  From this order the plain-
tiffs appeal.—*Affirmed.*

*Molyneux, Maher & Meloy,* for appellants.

*Fred H. Free* and *Herrick & Herrick,* for appellee.

VERMILION, J.—The only question presented on the appeal
arises upon the action of the lower court in setting aside the
verdict in favor of appellants and granting a new trial.

The action is for the recovery of commissions alleged to have
been earned by plaintiffs, and agreed to be paid by defendant,
for finding purchasers for various parcels of real estate owned
by defendant.  F. J. Muench appears to have
been interested with plaintiffs in some of the
transactions.  It was averred in the petition that
Muench had assigned his claim to plaintiffs, and a written as-
signment to them of all his interest in and to the Dealy com-
missions was introduced in evidence.

1. NEW TRIAL:
grounds: per-
jury by prevail-
ing party.

Various defenses were presented to the claims to recover on

account of the different transactions. As to two of these, spoken of in the record as the Pierson and the Fairchild deals, defendant denied any promise to pay plaintiffs a commission.

John Sheridan, a member of the plaintiff firm, testified to a promise on defendant's part to pay them a commission of $200 out of the money he was to pay to Pierson; and that he agreed to pay them a commission of $1,000 in the Fairchild deal. Muench also testified to the latter promise.

The motion for a new trial was based on eight distinct grounds, involving the correctness of various instructions, the sufficiency of the evidence to sustain the verdict, a claim that the verdict was excessive, and a charge of misconduct on the part of plaintiffs in giving and presenting false testimony. The motion was supported by the affidavits of two witnesses to the effect that, in a conversation between John Sheridan and the defendant in the presence of the witnesses, after the verdict had been returned, Sheridan admitted that there was no understanding or agreement with defendant for a commission in the Fairchild deal, and that defendant was not to pay a commission in the Pierson deal, but only to hold out $200 of the money due Pierson on final settlement; admitted that he and Muench had testified falsely, and that defendant's testimony was true; and further said:

"You know I told you, Hugh, that, if we ever went to trial, we would swear to anything to beat you, and that is just what we did, and we got the verdict, too."

John Sheridan admitted being present with the defendant and the witnesses on the occasion in question, but denied making the statements attributed to him. The parties making the affidavits in support of the motion were produced in court and examined and cross-examined in relation to the matter.

The granting of a new trial is a matter resting largely in the sound discretion of the trial court, and the exercise of this discretion will not be interfered with, where a new trial has been granted, unless it appears to have been abused. *Post v. City of Dubuque,* 158 Iowa 224; *Woodbury Co. v. Dougherty & Bryant Co.,* 161 Iowa 571; *Rosche v. Bettendorf Axle Co.,* 168

Iowa 461; *Benefiel v. Semper,* 185 Iowa 410; *Perry Nat. Bank v. Engnell,* 198 Iowa 26.

It was clearly within the discretion of the trial court to grant a new trial upon a showing tending to establish that the successful party gave and produced false testimony. *Pickering v. Kirkpatrick,* 32 Iowa 163; *First Nat. Bank v. Wabash, St. L. & P. R. Co.,* 61 Iowa 700; *Cleslie v. Frerichs,* 95 Iowa 83; *Guth v. Bell,* 153 Iowa 511, 520; *Mitchell v. Beck,* 178 Iowa 786, 811. The matter set up in the affidavits in support of the motion was not newly discovered evidence. It related to occurrences since the trial. That it may have been in a sense cumulative would not conclusively overcome the showing of misconduct. *Cleslie v. Frerichs,* supra.

It is true, testimony as to admissions of John Sheridan tended to impeach his testimony; but it also went further. The statements alleged to have been made by him were admissions by a member of the plaintiff firm and a party to the record that the claim was false, had no basis in fact, and had been supported by untrue and perjured testimony, and that defendant had not promised to pay commissions in the transactions in question. Where a motion for a new trial is based upon the ground of newly discovered evidence, the fact that the newly discovered evidence, though going to disprove the claim of the plaintiff, also incidentally tends to impeach his testimony as a witness, does not require the overruling of the motion. *Henderson v. Edwards,* 191 Iowa 871. And where the showing tends to establish misconduct on the part of the prevailing party, relief is not, we think, to be denied merely because it also tends to impeach the testimony of the plaintiff.

We are abundantly satisfied that there was no abuse of discretion in granting a new trial on the ground discussed.

But, were a different conclusion possible on that question, a reversal could not result. The motion, based, as we have said, upon several grounds, was sustained generally. The other grounds of the motion were not overruled. There can be no reversal of an order sustaining a motion for a new trial if any of the grounds of the motion are good. The other grounds of

2. NEW TRIAL: grounds: presumption from sustaining numerous-pointed motion.

the motion are not argued in this court.  See *Perry Nat. Bank v. Engnell,* supra, and cases cited.

The order granting a new trial must be, and is,—*Affirmed.*

ARTHUR, C. J., and STEVENS and DE GRAFF, JJ., concur.