DANIEL V. MOORE, Appellee, v. PAUL GOLDBERG et al., Appellants.

FEBRUARY 14, 1928.

*Edward E. Baron*, for appellants.

*E. O. Bundy* and *Fred H. Free*, for appellee.

MORLING, J.—The collision complained of occurred shortly after noon on a Sunday, and was between plaintiff's car, then being driven by himself, and defendants' truck, driven by defend-ants' employee. The driver of the truck and one of the defendants testified, in substance, that the driver had never used the truck on Sunday for delivery; that he had never had permission to use it on Sunday, and it never was used on Sunday; that it was not taken out of the garage on that Sunday morning, but was, without defendants' knowledge or permission, taken out by the driver about noon, after he was through with his work. Defendants moved for a directed verdict on a number of grounds, one of which was that the employee at the time of the accident was acting outside of the scope of his employment. The court sustained the motion exclusively on this ground. Plaintiff moved for a new trial because the court mistook the law in so directing the verdict, and because the defendants were guilty of misconduct, in that their testimony on the subject was false. The motion was supported by affidavit of an employee of the garage where the truck was kept, to the effect that the driver referred to took out the truck between 9 and 10 o'clock of the morning of the day of the ac-

cident; that the truck had been repeatedly taken out on Sunday, and used for delivery purposes.

The granting of a new trial is peculiarly within the discretion of the trial court, and will be set aside ordinarily only in a strong case, showing clearly abuse of discretion. That the successful party produced false testimony is ground for new trial, applied for under Section 11550, Code of 1927. *Sheridan Bros. v. Dealy*, 198 Iowa 877; *Cleslie v. Frerichs*, 95 Iowa 83. The rule is different in proceeding by petition for a new trial filed within one year. *Guth v. Bell*, 153 Iowa 511. The affidavit tended to show that the testimony produced by defendants was false, and the discretion of the court was properly exercised. *Sheridan Bros. v. Dealy*, 198 Iowa 877; *Benefiel v. Semper*, 185 Iowa 410.

Defendants, at the close of plaintiff's case, moved for directed verdict, on the ground, among others, that plaintiff was guilty of contributory negligence. This was overruled, and defendants went on with their case. At the close of all of the evidence, the motion to direct was renewed. In ruling on the renewed motion, the court did not pass upon the question of contributory negligence. In view of new trial, we do not discuss the question, further than to say that the ruling on the first motion to direct was waived. The defendants did not demand a specific ruling on the question when again presented at the close of all the evidence. No ruling on that particular question is before us for review. Plaintiff's guilt of contributory negligence is not so clear as to require a reversal of the discretionary order appealed from.

Defendants complain that the plaintiff was not diligent in discovering and producing the garage employee as a witness at  the trial. Here, too, the court was called upon to exercise its discretion, and, the court having granted a new trial, a strong case must be made out, to justify our interposition.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.