JOHN UTSETH, Appellant, v. PRATT-MALLORY COMPANY, Appellee.

No. 39890.

OCTOBER 22, 1929.

*Naglestad, Pizey & Johnson,* for appellant.

*Stewart & Hatfield,* for appellee.

EVANS, J.—The motion for a new trial was predicated upon many grounds. One of the grounds was newly discovered evidence, and we need consider no other. The case was purely a fact case. The accident occurred in daylight, on October 27, 1927, in Sioux City, at the intersection of Fourth Street (running east and west) and Jennings Street (running north and south). The plaintiff approached the intersection from the west, driving along the south side of Fourth Street. His claim was that the defendant's vehicle approached the intersection from the east, driving along the north side of the same street; that the defendant turned southerly into Jennings Street by "cutting the corner" at the southeast of the intersection, whereas he ought to have proceeded west on the north side of the center of the intersection and then turned south on the west side thereof. The claim of the plaintiff is that, by "cutting the corner," the vehicle of the defendant passed suddenly in front of him, whereby he collided with its rear wheels. The contention of the defendant was that he did not approach the intersection from the east, but from the north, while driving along the west side of Jennings Street. On this question the witnesses were few in number on each side.

In support of the motion for a new trial on the ground of newly discovered evidence, the defendant attached the affidavits of several witnesses in support of his contention on the particular issue stated. The evidence was material. Whether sufficient diligence had been shown to procure the same was a question peculiarly within the observation and discretion of the district court. The whole question of granting a new trial was one largely in the discretion of the court. It is contended that the newly discovered evidence was cumulative. It is such, to some extent. We think it is not wholly so. No definite rule can be laid down, differentiating evidence that is cumulative from evidence which

is not. We have held that that question also rests largely in the discretion of the trial court. Newly discovered material evidence is an imperative ground for a new trial, if the same with reasonable diligence could not have been produced at the trial. An examination of the record satisfies us that there was no abuse of discretion in the granting of the new trial. *Feister v. Kent,* 92 Iowa 1; *Moore v. Goldberg,* 205 Iowa 346; *Christensen v. Howson* (Iowa), 226 N. W. 34 (not officially reported); *King v. Chicago, M. & St. P. R. Co.,* 138 Iowa 625.

The order appealed from is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and GRIMM, JJ., concur.

KINDIG, J., takes no part.