T. P. WEINHART, Appellee, v. JOHN J. SMITH, Appellant.

No. 40471.

NOVEMBER 18, 1930.

*Guy A. Miller,* for appellant.

*Utterback, Forrest & Robinson,* for appellee.

KINDIG, J.—There is evidence in the record on which the jury could base a finding that, sometime in June, 1928, the plaintiff-appellee and Albert Carzoli were prospecting for coal near Des Moines, and had an established business known as the Spalti Mining Company. About June 1st thereafter, the defendant-appellant and one Campbell, desiring an interest in the coal-mining business, commenced negotiations with appellee and Joe Carzoli to obtain the same. So, one evening prior to June 13th, appellee, appellant, and Campbell met at Carzoli's home, where the negotiations were continued. As a result of that conference, appellee and Carzoli sold Campbell a one-fifth interest and appellant a two-fifths interest in and to the foregoing business. Appellant retained one fifth himself, and gave the other fifth to his son. The net result of said transaction was that appellee, appellant, his son, Carzoli, and Campbell each held a one-fifth interest in the business.

In addition to the foregoing, the jury could well find, on the evidence, that Campbell agreed to pay appellee and Carzoli $200 for the one-fifth interest. Likewise, the fact-finding body could conclude, on the record presented, that appellant agreed to give appellee and Carzoli $400 for the two-fifths interest purchased by him. It is asserted by appellant that the evidence does not sustain the foregoing facts, but both appellee and Carzoli testified substantially as above set forth. Therefore, it will serve no good purpose to here make extensive quotations from their testimony. Before the suit was commenced, Carzoli assigned his interest in the claim against appellant to the appellee. Now, appellee in this proceeding seeks to recover against appellant the entire $400.

Appellee, in his petition, set forth the facts above related,

and appellant, in his answer, made a general denial. A sharp controversy arose over the existence of the aforesaid agreement, but the jury found in appellee's favor; and, so far as the determination of the facts is concerned, we cannot interfere with the result. However, appellant asks for a new trial, because: First, the verdict is based upon perjured testimony; second, the trial court erred in submitting the issues to the jury; and third, certain exhibits were wrongfully excluded from the evidence.

I. At the trial in the case at bar, Carzoli testified that he had assigned his interest in the controverted claim to the appellee, under an agreement known in the record as Exhibit A. According to the written assignment, appellee was invested with all title to the funds, and authorized to collect and receipt for the same. Carzoli's evidence in reference to that assignment was corroborated and sustained by the testimony of appellee himself.

About a week after the trial in this case, an action was tried by the present appellee, as plaintiff, against the said Charles Campbell. On cross-examination in the Campbell case, Carzoli seems to have said that he did not sign Exhibit A aforesaid, but that he executed exhibits known as 1 and 2. Exhibit 1 indicates that Carzoli received $40, of which $25 was in cash, and the remaining $15 represented by a check, known as Exhibit 2. From the matters set forth in Exhibits 1 and 2, appellant concludes that, rather than assigning his interest in the $400 claim against Smith, Carzoli transferred to appellee certain "holdings, equipment, and material in the mining company." Because Carzoli, in the Campbell case, denied the execution of Exhibit A, appellant maintains that perjury was committed in the case at bar. Here, as before indicated, Carzoli testified that he did execute Exhibit A and transfer his interest in the $400 claim to appellee.

Upon many occasions, this court has said that, when a new trial is sought upon petition, false swearing, or perjury, will not be sufficient to obtain the relief. *Holmes v. Holmes,* 189 Iowa 256; *Abell v. Partello,* 202 Iowa 1236; *Sudbury v. Sudbury,* 179 Iowa 1039; *Croghan v. Umplebaugh,* 179 Iowa 1187; *Sullivan v. Herrick,* 161 Iowa 148; *Graves v. Graves,* 132 Iowa 199. Notwithstanding the foregoing rule, it has been estab-

lished that the district court, on a motion for a new trial, may, in its discretion, grant the relief where the party prevailing perjured himself, or knowingly used the perjured testimony of other witnesses. *First Nat. Bank of Shenandoah v. Wabash, St. L. & P. R. Co.*, 61 Iowa 700; *Cleslie v. Frerichs*, 95 Iowa 83; *Guth v. Bell*, 153 Iowa 511; *Moore v. Goldberg*, 205 Iowa 346. Whether it would be within the discretion of the trial court to grant a new trial for perjured testimony not given by the party prevailing, or some other witness, with his knowledge or consent, we do not decide.

Under the record before us, however, there is no claim that the appellee himself gave perjured testimony, nor is it shown that he knew perjured evidence was given by the witness Carzoli. Within the purview of that record, we cannot say that the municipal court abused its discretion in refusing the new trial. Moreover, the trial court was justified in finding that perjury had not been proven. While from the brief excerpts in the record of the Campbell trial it appears that Carzoli denied executing Exhibit A, yet the remaining record in that case is not before us. If it were, the whole record might justify a different conclusion. Anyway, Carzoli may have erroneously testified in the Campbell case, and correctly stated the facts in the present controversy. In this suit, Carzoli was corroborated by appellee. Even without Carzoli's testimony, the jury could well find that the aforesaid interest in the contract with appellant was assigned to appellee. Manifestly, the preponderance of evidence is against the perjury and in favor of the proposition that the assignment was made, as claimed.

Clearly, then, under the foregoing facts and circumstances, the municipal court did not abuse its discretion in denying the new trial.

II. When submitting the issues to the jury, the municipal court in effect told that body that it was necessary for the appellee to establish an agreement, as alleged in his petition. Appellee declared in said petition the following:

"That, on or about the 1st day of June, 1928, plaintiff [appellee] entered into a verbal agreement with the defendant [appellant]

whereby the plaintiff [appellee] and one Albert Carzoli (above named) sold, and the defendant [appellant] bought, a two-fifths interest in the business known as the Spalti Mining Company, for the sum of four hundred ($400.00) dollars; that the said sum was payable on demand.''

Following that allegation, the petition recited the assignment from Carzoli to appellee. Complaint is made by appellant because there is no evidence to sustain the allegation in the petition and the requirements of the court's instruction that appellee entered into a contract with the appellant.

Enough has already been said in the preliminary statement in this opinion to indicate that such an agreement was consummated between appellee and Carzoli, on the one hand, and appellant, on the other. All interests held in that contract by Carzoli were assigned by him to appellee. Consequently, the contract belonged to appellee, for the practical purposes of the suit. For it cannot be said that Carzoli, rather than appellee, made the contract. They, in co-operation with each other, made it, and Carzoli's interests, as before related, were, at the time of the trial, held by appellee.

Necessarily, then, there was no substantial variance between the pleadings and the proof, or between the court's instruction, on the one hand, and the pleadings and proof, on the other. This alleged grievance is not sufficient to warrant the court in granting a new trial.

III. Furthermore, it is urged that there should be a new trial because the municipal court in its instruction did not require the jury to find that Carzoli's interest in the contract had  been assigned to appellee. Only portions of the court's instructions are set forth. That part concerning the burden of proof is omitted, but indication is made that it is a stock instruction. However, the omission leaves us without any indication concerning the burden of proof required of the appellee by the trial court. A stock instruction may mean one thing to the appellant and another to someone else. Anyhow, there was no dispute in the record that the assignment was made from Carzoli to appellee. Plain, direct, emphatic, and uncontradicted evidence was introduced to show the assignment, and, under the circumstances, the municipal court properly could consider that

appellee was the real party in interest, because of the assignment. No abuse of discretion appears because the municipal court did not allow a new trial upon the foregoing complaint.

IV. Objection is next made because the trial court refused to admit Exhibits 1 and 2 into the record. It will be recalled that these exhibits related to a receipt or agreement concerning "holdings, equipment, and material in the mining company" sold by Carzoli to appellee, and the check given in partial payment therefor. Such transaction was neither directly nor indirectly involved in the case at bar. These exhibits, therefore, were both immaterial and irrelevant.

Appellant claims that the exhibits should have been admitted to test the issue whether Carzoli's interest in the claim sued upon had been assigned under Exhibit A. Plainly, the announced purpose was irrelevant and immaterial, for there was no serious dispute concerning the assignment's existence in this case. After having discovered that Carzoli denied signing Exhibit A in the Campbell case, before mentioned, appellant conjectures that, if confronted with the same instrument in the retrial of this cause, he would also disclaim the execution thereof. We have difficulty in understanding why Carzoli needed Exhibits 1 and 2 in evidence to cause him to deny the execution of Exhibit A. They have no relation to, or association with, each other. If Carzoli did not sign Exhibit A, he could and should have denied it, regardless of whether Exhibits 1 and 2 were in the record.

No such proposition as now assigned for the admission of Exhibits 1 and 2 was before the municipal court when it ruled, nor can we assume that the introduction of these exhibits on retrial would cause Carzoli to deny executing Exhibit A; for, in view of the record now before us, the undisputed evidence is that he did execute the exhibit.

Under all the circumstances, then, appellant has no just cause for complaint because the exhibits were not admitted.

Wherefore, the judgment of the municipal court should be, and hereby is, affirmed.—*Affirmed*.

Morling, C. J., and Evans, Faville, and Grimm, JJ., concur.