BERNADINE McQUILLEN, Appellee, v. AL. M. MEYERS, Appellant.

No. 40402.

DECEMBER 9, 1930.

*Kane & Cooney* and *Parrish, Cohen, Guthrie, Watters & Halloran,* for appellant.

*Kenline, Roedell, Hoffman & Tierney,* for appellee.

GRIMM, J.—It is the claim of the plaintiff, a young girl of about 24 years of age, that while she was riding as the guest of Stanley Wiedner, in an automobile owned by the defendant,

Meyers, and while riding on what is known as the Sageville road, in Dubuque County, she received personal injuries. It is claimed that the driver, Wiedner, was guilty of negligent and reckless conduct in driving said car, at an excessive rate of speed, on a curve, while the pavement was slippery. It is also claimed that the driver was under the influence of intoxicating liquor at the time of the accident. The defendant answered by way of a general denial, and, in addition, alleged that the driver was operating the defendant's car without the knowledge or consent of the defendant. After a trial, a jury returned a verdict for the defendant. Thereafter, the court sustained, generally, a motion for a new trial, and this is here alleged as error.

I.  There is in appellant's brief and argument a total failure to comply with the rules of this court. There are neither assignments of error relied upon for reversal nor brief points,  nor is there any argument which in any wise complies with the requirements of the rules. See *Crouch v. National Livestock Rem. Co.*, 210 Iowa 849; *Ashman v. City of Des Moines*, 209 Iowa 1247; *Blomgren v. City of Ottumwa*, 209 Iowa 9; *Hedrick Nat. Bank v. Hawthorne*, 209 Iowa 1013; *Bodholdt v. Townsend*, 208 Iowa 1350; and many other cases.

II.  While, by reason of the faulty form of appellant's argument here presented, there is really nothing before this court, nevertheless the record has been examined. It is a thoroughly  established rule of this court that the question of granting a new trial rests largely in the discretion of the trial court, and this court will not interfere with the granting of a new trial without a definite showing of the abuse of that discretion. *Herrman v. O'Connor*, 209 Iowa 1277; *Utseth v. Pratt-Mallory Co.*, 208 Iowa 1324; *Moore v. Goldberg*, 205 Iowa 346.

The record fails to disclose any abuse of discretion in this case in granting a new trial. Therefore, the cause must be, and is, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.