ANNA B. WHITE, Appellant, v. J. E. WALKER, Appellee.

No. 40760.

JUNE 20, 1931.

Percival & Wilkinson, for appellant.

C. E. Hamilton, Walter L. Stewart, for appellee.

MORLING, J.:—Plaintiff alleges reckless driving, high and

dangerous speed, and as a witness in her own behalf testified "fast driving is what caused it." A statement signed by her in which she said, "We weren't going fast at all. * * * I don't think there was anything Mr. Walker could have done to avoid the accident. * * * The reason the accident happened was because the detour wasn't properly marked" was received in evidence on her cross examination without objection. The signed statement of two witnesses inconsistent with their testimony was likewise received. The statements were marked respectively Exhibits 1 and 2. The issue of recklessness, not having the car under control and turning while going at such speed that the car was turned over was submitted to the jury. Defendant requested that Exhibits 1 and 2 be sent to the jury room. They were "handed to the jury when the jury were leaving the room." Plaintiff's counsel objected that they were not proper "to be in the hands of the jury during their deliberations," and that they were taken "before we had time to make objections." The court ruled: "I was expecting this question to be raised and the question was raised just as the jury left the court room. I think under all the circumstances those exhibits should not remain in the jury room." The court directed the bailiff "Get the two papers, other than the instructions and bring them back. Now you can make whatever exceptions or record you want to." Defendant took exceptions. The jury returned a verdict for plaintiff. Motion for new trial made on various grounds was overruled except as the court held, "I am convinced that an error was made by the court to the prejudice of the defendant in the matter of the Exhibits 1 and 2. * * * No mention had been made of the exhibits, that is as to whether or not they should go out with the instructions to the jury room, until after the reading of the instructions when the jury retired with the instructions and the exhibits; plaintiff's counsel then suggested that those exhibits should not go out; there was some argument * * * and the court being of the opinion that these statements being simply a detailed statement of what the plaintiff and some witnesses had once said, ought not to have gone out with the jury, and directed the bailiff to get them, which was done after they had been actually delivered to the jury by the bailiff, and after the jury had been locked in their room and within not to exceed five minutes after the jury had left the box. If the

ruling had been made before that the exhibits would not go out I do not believe any prejudice would have resulted, but under the circumstances, the withdrawal after the jury had gone into the room, I am afraid was prejudicial in that the jury would be apt to believe that these exhibits amounted to nothing. * * *'' The motion for new trial was accordingly sustained on this ground.

The trial court exercises a wide discretion in granting a new trial and this Court is very reluctant to overrule its action in granting new trial. Werthman v. Railway Co., 128 Iowa 135; Ellyson v. Peden (Iowa), 146 N. W., 759 (not officially reported); Jelsma v. English, 210 Iowa 1065; Utilities Holding Corporation v. Chapman, 210 Iowa 994; McQuillen v. Meyers, 211 Iowa 388. Though it will do so if abuse of discretion is clearly shown. Stockwell v. The C. C. & D. R. Co., 43 Iowa 470; Utilities Holding Corporation v. Chapman, 210 Iowa 994.

It is ordinarily within the discretion of the court to send to the jury the exhibits other than depositions (Code, 1927, Section 11503; State v. Ling, 198 Iowa 598; Barker v. Perry, 67 Iowa 146), though sometimes a matter of right. State v. Young, 134 Iowa 505. But refusal to send them out is not error unless prejudice is shown. McMahon v. Ice Co., 137 Iowa 368; Evans v. Oskaloosa T. & L. Co., 192 Iowa 1, 9. But when the trial court, who has had personal oversight of all the proceedings of the trial, has determined that prejudice has resulted from his ruling we will be at least very slow in overturning his determination. Appellant argues that all the statements in the exhibits were before the jury; that they were merely cross examination admissible only for impeachment, and if there was error it was without prejudice. Plaintiff's statement was admissible not only for impeachment purposes. It was an admission and substantive evidence. The court was within its province in holding that the jury might have got a wrong and prejudicial impression as to the admissibility and importance of the exhibits from the fact that they were withdrawn summarily from their consideration without explanation. The trial court was the observer of many circumstances that cannot possibly be reproduced here. We can not, on this record, hold that the court abused its discretion in granting a new trial. This

result renders it unnecessary to consider cross errors filed by appellee or appellant's motion to strike them.—Affirmed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.