BIRUM-OLSON COMPANY INC., Appellant, v. H. F. JOHNSON, Appellee.

No. 41076.

NOVEMBER 24, 1931.

Marty & Butler, for appellant.

H. D. Kepler and R. R. Cerney, for appellee.

KINDIG, J.—The plaintiff-appellant, the Birum-Olson Company, is a corporation with a branch office at Mason City. F. J. Olson is the corporation's vice-president and general manager.

This corporation is engaged in selling Buick automobiles in Cerro Gordo, Franklin, and Worth counties. Dr. H. F. Johnson, the defendant-appellee, is a practicing physician at Northwood. On August 8, 1930, the appellee after negotiations with appellant's agents, signed a written order for a Buick automobile. According to the written order, the purchase price was $1175.00. As part of that consideration, the appellant agreed to accept from the appellee a second hand Pontiac car valued at $640.00. Appellee assigned to appellant a transfer certificate on the Pontiac car.

It seems that appellee desired a blue colored Buick, but appellant had on hand only a tan colored car. So, it is claimed that the appellee authorized the appellant to wire Chicago, Illinois, for a blue car. If one could be obtained within a reasonable time, the appellee would wait, otherwise he would accept the tan colored automobile.

Early on the morning of August 9, after the order was placed, the appellee called the appellant's place of business and notified them of his intention to cancel the order, and refused to take the Buick automobile. Soon thereafter appellant sent a representative to the court house at Northwood for the purpose of completing the transfer of the Pontiac car. When such representative arrived at the treasurer's office in the court house, however, the county treasurer refused to make the transfer because of previous notification from the appellee not to do so. Hence, because the appellee refused to accept the Buick car, the appellant commenced this action to recover damages in the amount of $255.

After the appellant's evidence was introduced, the appellee made a motion for a directed verdict in his favor. That motion contained several grounds, one of which is that there was no binding contract wherein the appellee agreed to buy the automobile. This motion was sustained by the district court.

Complaint of the court's action in so doing is made on this appeal. Generally speaking, appellant's argument is: First, that the evidence presented was sufficient to take the case to the jury; and, second, that assuming it is not, certain rejected evidence added to the present record would have been enough to make a jury question.

I. Was the evidence submitted sufficient to present a jury question? After carefully considering that record, it is apparent that the district court properly directed a verdict in appellee's favor. Underlying the record is the weakness that the appellant failed to prove a contract whereby appellee agreed to buy the automobile.

In order to more clearly understand the situation, it is necessary to know appellant's theory of the case. The alleged contract sued upon, it is claimed, consists of appellee's written order aforesaid addressed to the appellant as a corporation, but with written acceptance thereon signed only by said F. J. Olson, individually, instead of the corporation itself. Manifestly the contract upon its face does not purport to be that of the corporation because not signed by it. Neither does that alleged agreement seem to be that of the purported agent, because while signed by him it is addressed to the corporation. Evidence appears, appellant contends, to reconcile this apparent inconsistency.

Reference is made by appellant to the appellee's answer wherein it is said that the aforesaid order for the car was procured by the said F. J. Olson for the corporation. While it is true that appellee did so plead, yet there is no concession in the answer that a contract arose. Throughout the trial, appellee conceded that the aforesaid Olson procured the order for the Buick automobile; but continually the appellee asserted that a contract between him and the appellant did not arise therefrom. According to the written order, it was necessary that the same be accepted by the appellant corporation before a contract arose. Nowhere in the instrument does it expressly appear that the appellant corporation did accept the order. F. J. Olson personally, rather than the corporation, signed the contract at the place where the written acceptance was to have been made. There is nothing in the record to show that the personal signature of F. J. Olson constitutes the signature of the corporation. Olson in

signing his name did not indicate that he thereby signed for and on behalf of the corporation. Nor is there anything in the body of the instrument itself suggesting that Olson should sign as an agent or that his signature would constitute that of the corporation. When speaking upon the general subject, this court said in Consumers Twine & Machinery Co. v. Mount Pleasant Thermo Tank Co., 196 Iowa 64, reading on page 70:

"Although variously stated by the court, it has always been the law of this state that, if the name of the principal and the relation of agency or other representative capacity be stated or indicated in a writing executed by an agent or other person in a representative capacity by and with the authority of the principal, the obligation is that of the principal, which alone is bound thereby."

If, on the other hand, the signature does not indicate the agency and there is nothing in the body of the instrument to show the representative capacity, then the person signing the instrument and not the alleged principal is bound. See the case above cited, and the cases therein set forth. No agency appears in the case at bar, either in the alleged order or the purported acceptance thereof. Neither is it indicated in the instrument anywhere that the individual signature of the said Olson constitutes that of the corporation. Without extraneous evidence, then, showing that the individual signature of Olson was that of the corporation, it cannot be said that a contract arose out of the transaction. By thus referring to extraneous evidence, we do not decide or even hint that such evidence would be admissible for the purpose suggested. Mention, however, has been made of extraneous evidence to indicate that the use thereof is the only possible method by which appellant could show the instrument in question to be a contract of the corporation, without reformation, when now it appears to be that of Olson only.

II. Oral testimony, according to the record, was offered by appellant, to supply the extraneous evidence. Therefore, appellant declares that a jury question would have been presented had it not been for the district court's error in excluding the testimony thus offered.

Two theories are advanced by appellant for the admission of this oral evidence. One is that it tended to show the said

F. J. Olson to be an undisclosed agent for appellant, the undisclosed principal. The other argument for the evidence is that it tended to prove the signature of Olson placed upon the order, in the manner and way aforesaid, in fact constituted that of the corporation.

Consideration will first be given to the appellant's proposition that the evidence should have been admitted to show the relationship of undisclosed principal and undisclosed agent. Appellant maintains that had the evidence been admitted such relationship would have appeared. Therefore, appellant concludes that even though the contract was Olson's individual agreement with appellee, it nevertheless could be enforced by appellant, the undisclosed principal and real party in interest. See Utilities Holding Corporation v. Chapman, 210 Iowa 994; Strohmeier v. Anderson, 195 Iowa 828; Shields v. Coyne, 148 Iowa 313; Wells v. Telegraph Co., 144 Iowa 605; Young v. Lohr, 118 Iowa 624; Darling v. Noyes, 32 Iowa 96.

Whether the contract comes within the rule contended for, we do not now decide. Parenthetically, however, it is recalled that the contract does not purport to be that of the agent only, but rather the document offered presents an alleged agreement improperly executed by either the corporation or the agent. For the purposes of the discussion, however, it is assumed without deciding that the alleged contract presents a case wherein the appellant may show itself to be the undisclosed principal and real party in interest.

Upon the theory announced, appellant asked questions of the aforesaid Olson apparently to determine whether the corporation was his undisclosed principal in the transaction.

Objections were made by the appellee to such questions, and in each instance the district court refused to let the witness reply. This ruling is assigned as error. After the objection was sustained, the appellant proceeded no farther. It made no offer of proof or in any other way indicated what the witness would have said had he been permitted to answer. Unless it is known what the answer would have been, this court cannot determine whether the district court wrongfully sustained the objections. First State Bank v. Tobin, 204 Iowa 456 (local citation 464); Anderson v. Fort Dodge, Des Moines & Southern Railway Company, 208 Iowa 369 (local citation 384); Vorpahl v. Southern

Surety Company, 208 Iowa 348 (local citation 352) ; Thielen v. Schechinger, 211 Iowa 470; Campfield v. Rutt, 211 Iowa 1077.

Before the appellee objected, the witness partly answered one question. Nevertheless the incompleteness of the answer is such that it cannot be said what the reply would have been. An inquirer can only guess. Nothing in the form of the question suggests what the answer would have been. Hence, under authority of the foregoing cases, prejudicial error has not been shown.

III. Again appellant further interrogated the same witness under the second theory above set forth, with the intention, it is said, of showing that Olson's signature on the alleged contract was sufficient to bind the corporation. On each occasion the appellee objected to the question. In ruling on each objection, the district court refused to permit the witness to answer. Appellant excepts to those rulings.

Here again, however, there is no way of determining what the witness would have said in answer to any question asked. No offer of proof was made. Under the foregoing authorities, therefore, this court cannot say that the district court's action, in not admitting this testimony, constitutes reversible error.

IV. Upon one occasion, the witness did answer before the objection was interposed. Later the evidence was excluded under the grounds of the objection. This objection was that: First, the question called for a conclusion of the witness; and, second, the answer sought did not constitute the best evidence. Manifestly the question was subject to the objection.

Due, then, to the peculiar form of the question, error does not appear because the objection was sustained. Although the witness answered as aforesaid, the information thus revealed does not indicate what the reply to the other questions would have been. We can only guess about what the witness would have said had he been permitted to answer. Not only is the foregoing true, but most if not all of the questions, because of their peculiar form, are subject to the objection that they call for: First, a conclusion of the witness; and, second, not the best evidence.

V. Something is said in argument by appellant that there was a ratification of the instrument by the corporation, but a

careful review of the record reveals that the evidence is not sufficient to show ratification.

Other matters were argued, but they are not sufficient to warrant a reversal of the district court's judgment, and therefore further consideration is not given them.

Without the rejected evidence the appellant has not made out a case, and therefore it is plain that the judgment of the district court should be affirmed. Accordingly, it is affirmed.— Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.